Martha G. Bronitsky, #127583
Chapter 13 Standing Trustee
Leo G. Spanos, #261837, Staff Attorney
Nima Ghazvini, #254758, Staff Attorney
PO Box 5004
Hayward, CA 94540
(510) 266- 5580
13trustee@oak13.com

# THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| In re | |
|---|---|
| **Michael Charles Mccarthy** | **Chapter 13 Case No. 18-42739-CN 13** |
| Debtors | Chapter 13 Trustee's Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss or Convert Chapter 13 Case |

## Plan Objection Information

Chapter 13 Trustee Objects To: Chapter 13 Plan
Filed: November 21, 2018
Docket#: 6

## Motion To Dismiss Information

☐ Trustee Seeks To Dismiss or Convert the Case

**(See II. Motion To Dismiss Below)**

## Case Information

Petition Filed: November 21, 2018          Attorney Name: DIANA J CAVANAUGH ATTY

|                           I. Objection                                     |

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:

|                (A) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326     |

☑ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts: The Debtor has not provided the Trustee with the payment advices as required by the Bankruptcy Code, therefor the Trustee cannot evaluate the feasability of the plan.

☐ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims.[11 U.S.C.§1322(b)]

Facts:

☐ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtors' principal residence. [11 U.S.C.§1322(b)]

Facts:

☑ (6) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on this title on such date. [11 U.S.C.§1325(a)(4)]

Facts: The plan must pay the general unsecured creditors a fixed 100% payment due to the non-exempt equity in the real property.

☐ (7) The plan is not feasible. Debtors will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

Facts:

☐ (8) The Debtors have not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐ (9) The Debtors have not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☑ (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts: The conduit mortgage payment to Select Mortgage is listed as $2,043.55 on the plan and $2,384.19 on the General Order 34 Class 1 checklist. Because the plan controls the Trustee disbursed $2,043.55 to the creditor but is uncertain if that is the correct mortgage payment.

☐ (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtors in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts:

☑ (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts: The plan does not fund at the required fixed 100% distribution to the general unsecured creditors and the arrearage numbers listed in the objections filed by Wells Fargo and Select Portfolio.

☐ (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☑ (14) The plan does not provide for all of the Debtors' projected disposable income ("DMI") to be applied to unsecured creditors under the plan purusant to 11 U.S.C. 1325 (b).

Facts: The income listed on the "Means Test" differs from the income listed on Schedule I. There is no explaination as to why there is a difference given that the debtor has been employed for 12 years.

☐ (15(a)) Other:

Facts:

☐ (15(b)) Other:

Facts:

| (B) Local Rules and General Orders |
|---|

☐ (16) Debtors failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter 13 cases filed or converted to Chapter 13 on or after December 1, 2017.

Facts:

☐ (17) Debtors failed to file and serve a motion to value collateral and obtain an order or has otherwise failed to value collateral as part of or "through" the plan.

Facts:

☐ (18) The plan provision regarding Debtors' Attorney's fees fails to comply with General Order 35 or the existing Guidelines for Payment of Attorney's Fees in Chapter 13 cases.

Facts:

☐ (19) Other:

Facts:

| II. Motion to Dismiss or Convert Chapter 13 Case |
|---|

The Trustee seeks dismissal or conversion of this case pursuant to 11 U.S.C. § 1307(c) on the following grounds:

☐ (1) Unreasonable delay by the Debtors that is prejudicial to creditors.

Facts:

☐ (2) Payments to the Trustee are not current under the Debtors' proposed plan.

Facts:

☐ (3) Failure to confirm a plan.

Facts:

☐ (4) Failure of the Debtors to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.
Facts:

☐ (5) Failure to provide documents and information (Schedules, Statement of Financial Affairs, payment advices, etc...) to the Trustee as required by 11 U.S.C. § 521(a)(1),(3),or (4). [11 U.S.C. § 1307(c); 11 U.S.C. 521].

Facts:

☐ (6) Other cause:

Facts:

| III. Trustee's Recommendation/Analysis |
|---|

☑ The current plan is not confirmable and an amended plan will be required to be filed.

☐ No confirmable plan can be filed based on the facts of this case.

☐ Other:

**WHEREFORE,** the Trustee requests:

☑ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☐ That the Debtors' case be dismissed or converted.

  Such other and further relief as the court deems proper.

Date: 1/14/2019                    /s/ Trustee Martha G. Bronitsky
                                   Trustee Martha G. Bronitsky
                                   Chapter 13 Standing Trustee

## Certificate of Service

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtors, Counsel for Debtors, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 14, 2019   /s/ Colleen Cazadamont
   Colleen Cazadamont

Michael Charles Mccarthy   Diana J Cavanaugh Atty
Lisette Marie Mccarthy   2801 Concord Blvd
1698 Greentree Dr   Concord,CA 94519-2608
Concord,CA 94521-1026

   (Counsel for Debtor)

Debtors